By the Court. Campbell, J.
On the 24th day of Hovember, 1847, Horace Gray and Hathaniel Frances, of Boston, composing the mercantile firm of Horace Gray and Company, made application in that city for the benefit of the insolvent laws of Massachusetts, and such proceedings were had, that on the 7th day of December following, an assignment of the property was duly executed by the master in chancery, before whom the *315 application was pending, to the plaintiffs in this suit. ■ On the 23d of November, the day previous to that on which the application was made, Horace Gray, one of the partners, executed two individual assignments to the defendant Joseph Tuckerman, by one of which he assigned a large amount of property in the state of New York, and by the other a large amount of property in New Jersey, upon trust to pay, first, certain workmen, and then the individual creditors of Gray, and to distribute the surplus among the creditors of Horace Gray & Co. The bill was filed in this cause to set aside those assignments, and the defendants have demurred. It is alleged in the bill that the assignments are void upon their face, and that they are also void, being in fraud of the laws of Massachusetts. These assignments are charged in the bill to have been executed by Gray on the 23d of November, the day of their date, in the city of Boston, and that they were in fraud of the insolvent laws of that state, for the benefit of which he applied on the following day.
The first assignment recites that Horace Gray himself, and the firm of Horace Gray & Co., had refused payments, and that he (Gray) was desirous of giving his property to his creditors, a large portion of which was at Port Henry, near Lake Champlain in the State of New York, and it was for the interest of his creditors that the works in Port Henry should be kept in operation for at least six months. Then follows the grant and assignment to Tuckerman, of all the pig iron, fuel, ore, and other personal property at Port Henry, or any on the way to or from the iron works, together with the wood on the shores of Lake Champlain, and his share in the tow boat Ethan Allen, to have and to hold the same, to Tuckerman, his executors, administrators, and assigns, to and for the uses, intents, and purposes thereinafter mentioned, that is to say, first, to continue the works in full operation for the term of six months from the date of the instrument, of which works Gray was lessee, and to sell the pig iron made from the same as fast as received either for cash or credit, &c.; and then provision is made for disposing of the proceeds of the pig iron, by payment of workmen and the individual creditors of the assignor, and to divide the residue of such proceeds among the creditors of Horace Gray & Co. No *316 provision was made for the disposal of the residue of the assigned property.
The assignment of the Hew Jersey property, executed at Boston, on the same day, transferred all the pig iron, coal, ore, and the iron, &c., at the Hew Jersey works, and all the promissory notes or bills receivable, or other personal property, &c., there, in trust to continue the manufacture of the materials on hand until the same are turned into manufactured iron, and then to sell the iron for cash or credit, and out of the proceeds to pay expenses, wages, &c., and the individual creditors of Horace Gray, and divide the residue among the.- creditors of the' firm. Hothing was provided as to the disposal of the other assigned effects.
Both of these assignments are manifestly void upon their face. They cover in direct terms a much larger amount of property than the assignee is empowered to distribute among the creditors. The effect must be a resulting trust to the assignor. The property is thus placed beyond the reach of creditors for the benefit of the debtor. We must therefore deem these assignments as made to hinder delay and defraud creditors ; at least such are the necessary legal consequences, even though the failure to make provision for the entire distribution of the assigned property among the creditors, was the result of haste or inadvertence.
The assignments being void, can the assignees or trustees of the estate of the assignors appointed under the insolvent law of Massachusetts, prosecute this suit, in their own names, in our courts %
It was urged on the argument, that an assignment under the insolvent laws of Massachusetts, does not operate a legal transfer of the personal property of the insolvent in this state. It may be true, that in cases of statutory assignments under bankrupt acts, such as those of England, where the proceedings are in inmii/um, a legal transfer of the personal property situated in other countries, is not effected, especially as against subsequent lona purchasers, or against attaching creditors of the country where the property is situated, though the attachment may have issued after the assignment. In this case we are inclined to the opinion that the *317 assignment was in law a voluntary one, and must have the same effect as if made directly by Horace Gray and Company to the plaintiff in this suit.
The petition of the 24th of November sets forth their insolvency, that they are unable to pay their debts in full, and that “ they wish to surrender all their property for the benefit of their creditors, and to obtain their discharge from said debts, according to the statutes in this behalf provided.”
“ Wherefore they pray, that a warrant may be issued for taking possession of their estate, and that such further proceedings may be had in the premises, as the law in such cases prescribes.” This petition was signed by the insolvents Gray and Frances; and such proceedings were had, that, on the 7th day of December following, the officer to whom the petition was addressed, executed, according to the laws of Massachusetts, an assignment to the plaintiffs in this suit, of all the property, real or personal, of the insolvent debtors, or which they or either of them had on the 24th of November, when the petition was presented. The whole proceedings were voluntary. The debtors wished to surrender their property, and they prayed for a warrant to issue for taking possession of it. The warrant is issued, possession taken, and, on a subsequent day, a formal assignment made by the officer.
We can see no difference between this assignment, and one made directly by the debtors themselves. A voluntary assignment, it is conceded, transfers the property wherever situated.
But whether this assignment to the plaintiff be voluntary or not, it being a proper legal assignment, and valid by the laws of Massachusetts, we can see no reason why the assignees or trustees may not come into this state, and in their own name institute proceedings in a court of chancery, for the purpose of enforcing any rights which they may equitably have as such assignees or trustees. Mr. Justice Marcy remarked in the case of Abraham v. Plestero, that “ I do not discover that this comity has been, any where so far withheld, as to refuse to foreign assignees a resort to our courts in their character as assignees or representatives of the bankrupt, to secure the rights they have acquired by the assignment; on the contrary, suits in their own *318 names have, in repeated instances, been sustained, and their rights to sustain them established by express adjudication.” See authorities cited in Abrahams v. Plestero, 3 Wend. 551; especially Bird v. Pierpont, 1 John. 118; Bird v. Caritat, 2 John. 342.
We entertain no doubt in this case, that the rights of the assignees to appear in, and prosecute this suit, ought to be admitted and sustained.
The demurrer must be overruled with costs.